PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) challenges an order of the Judge of Compensation Claims that finds Claimant’s mold exposure injury compensable. We agree with the E/C’s argument that reversal is warranted because no record evidence establishes the levels of mold to which Claimant was exposed in the workplace, a statutory condition imposed by section 440.02(1), Florida Statutes (2005). See Matrix Employee Leasing v. Pierce, 985 So.2d 681 (Fla. 1st DCA 2008). We also agree that the JCC erred in substituting the causation standard expressed in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980), for the more exacting statutory causation standard for mold exposure claims enacted by the Legislature. See Mangold v. Rainforest Golf Sports Ctr., 675 So.2d 689, 642 (Fla. 1st DCA 1996) (“When the Legislature makes a substantial and material change in the language of a statute, it is presumed to have intended some specific objective or alteration of the law, unless a contrary indication is clear.”). Because we agree with these arguments, we REVERSE the order on appeal, and need not reach the remaining issues raised by the E/C.
HAWKES and MARSTILLER, JJ„ concurs; WOLF, J., dissents with opinion.